Kossi Anthony AMEKOUDJI,
Petitioner,

v.

Eric H. HOLDER Jr.,[1] United States
Attorney General, Respondent.

No. 08–5078–ag.

United States Court of Appeals,
Second Circuit.

Sept. 22, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Amy N. Gell, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Andrew N. O'Malley, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, GUIDO CALABRESI, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Kossi Anthony Amekoudji, a native and citizen of Togo, seeks review of a September 18, 2008 order of the BIA denying his motion to remand and affirming the May 2, 2007 decision of Immigration Judge ("IJ") George T. Chew, which denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kossi Anthony Amekoudji*, No. A095 570 821 (B.I.A. Sep. 18, 2008), *aff'g* No. A095 570 821 (Immig. Ct. N.Y. City May 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

### I. Withholding of Removal and CAT Relief

▮ Amekoudji argues that the BIA failed to consider background evidence in the record in denying his claims for withholding of removal and CAT relief. Specifically, Amekoudji asserts that the BIA failed to consider the U.S. State Department and Amnesty International reports he submitted. Although the agency has an obligation to consider all evidence relevant to an applicant's claim, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). Rather, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). Here, because the agency found Amekoudji not credible, the background evidence in the record was largely immaterial. Thus, there is no indication that the agency failed to consider any of the evidence he submitted.[2] *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 68 (2d Cir. 2002). Accordingly, the agency reasonably denied Amekoudji's application for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *cf. Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006).

### II. Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). A motion to remand that relies on additional evidence is held to the substantive requirements of a

___

2. Amekoudji does not challenge the agency's conclusion that he was not credible.

motion to reopen. *Id.* at 156. The movant's failure to submit previously unavailable material evidence is a proper ground on which the BIA may deny such a motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

■ Although Amekoudji asserts that the evidence he submitted with the motion to remand was previously unavailable because it was not created until after the May 2007 merits hearing, the regulations define evidence as previously unavailable when it "could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Here, evidence that Amekoudji had a psychological condition could have been discovered prior to the merits hearing because the doctor's affidavit indicated that this condition existed since before he came to the United States. Thus, because the BIA reasonably found that Amekoudji failed to present previously unavailable evidence, it did not abuse its discretion in rejecting his motion to remand. *See id.; Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.

■ To the extent Amekoudji argues that the BIA violated his due process rights by failing to consider his doctor's affidavit, that argument is without merit. First, Amekoudji had no due process right to a discretionary grant of a motion to remand. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156–57 (2d Cir.2008). Even if he did, it is clear that he had a full and fair opportunity to present his claims where he had two full merits hearings before an IJ and the opportunity to appeal both decisions to the BIA. *See Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).